SEA SPORTS CENTER, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; UWE HARMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sea Sports Center, Inc. v. Commissioner
Docket Nos. 26671-88, 26811-88
United States Tax Court
T.C. Memo 1991-374; 1991 Tax Ct. Memo LEXIS 422; 62 T.C.M. (CCH) 404; T.C.M. (RIA) 91374; August 8, 1991, Filed *422 James L. Chase and Seth E. Wright, for the petitioners. Linda J. Wise and Shuford A. Tucker, Jr., for the respondent. HAMBLEN, Judge. MEMORANDUM OPINION This matter is before the Court on petitioners' motion for reconsideration of our opinion filed May 14, 1991, , and respondent's response to petitioners' motion for reconsideration. The facts as set forth in , its incorporated stipulation of facts, and the exhibits attached thereto are hereby incorporated herein to the extent applicable. One of the several issues actually litigated in was whether petitioner Sea Sports Center, Inc. (hereinafter Sea Sports), failed to report income in the amount of $ 160,557 on its corporate Federal income tax return for the taxable year 1984. Another issue actually litigated in the previous case was whether petitioner Uwe Harms (hereinafter Harms) failed to report $ 108,740 on his personal Federal income tax return for the taxable year 1984. Utilizing the bank deposits method, we held that both Sea Sports and Harms did fail to report income in their respective 1984 Federal *423 income tax returns. In their motion for reconsideration, petitioners assert that the Court erred in its previous opinion by not allowing alleged sales tax payments to be deducted from the amounts we found petitioners' failed to report on their respective 1984 Federal income tax returns. Petitioners argue: (1) By not allowing a deduction for the alleged sales taxes paid from the bank accounts in question, the Court is requiring the payment of additional taxes and additions against petitioners; (2) our prior opinion was clearly erroneous; (3) respondent's deficiency determination was arbitrary and excessive; and (4) the Court has improperly applied the "Claim of Right Doctrine." Respondent points out that petitioners' various arguments all turn on the single issue of whether petitioners sufficiently established that sales taxes were paid over to the State of Florida out of funds first deposited into one of the bank accounts at issue. Respondent, therefore, argues that it is a question of the sufficiency, or insufficiency, of petitioners' evidence in the record that must be reviewed to determine whether petitioners met their burden of proof in establishing a right to a deduction *424 for any alleged sales taxes paid over to the State of Florida. We agree with respondent. In our previous opinion, we dealt specifically with the issue of the sufficiency of petitioners' evidence. We stated that petitioners had every opportunity to support their assertion that they paid sales tax by simply producing the cancelled checks for the Court's review. Instead, they chose not to do so. In the motion for reconsideration now before us, they have chosen not to do so again. Instead, petitioners prefer to rely on the testimony of their witness, Michael D. Thornton. Petitioners further rely on their copies of corporate sales tax reports allegedly filed with the State of Florida and respondent's exhibit U. [1] This evidence is not persuasive. Mr. Thornton based his conclusions, in part, upon his examination of Sea Sports' copies of the corporate sales tax reports allegedly filed with the State of Florida. However, there is no evidence in the record that these corporate sales tax reports were ever actually filed with the State. Petitioners also rely on exhibit U which shows that withdrawals, in similar amounts and at similar times from one of the bank accounts in question, *425 were made that correspond to the information set forth in Sea Sports' copies of the corporate sales tax reports. Exhibit U does not, however, tell us to whom the checks were payable. Absent that, petitioners have not established that they paid any sums from any of the bank accounts in question to the State of Florida as sales tax. The evidence petitioners continue to rely upon is insufficient to meet their burden of proof. Second, petitioners assert that the Tax Court's opinion is erroneous. Petitioners base this assertion on our statement that petitioners "failed to introduce any evidence to show that the sales taxes were paid to the State or to show that any such payments were made from funds included in respondent's computation of income." We stand by our previous opinion. As discussed herein, infra, petitioners presented the testimony of Michael D. Thornton and copies of Sea Sports' corporate sales tax reports. Petitioners *426 again rely on exhibit U. Neither Michael D. Thornton's testimony nor the copies of the corporate sales tax reports establish that the sales tax reports were ever filed with the State of Florida. Further, the mere fact that checks were written on one of the bank accounts in question is not sufficient to establish that the State of Florida was the payee or that the checks were for the payment of State sales tax. Petitioners have still not produced any evidence establishing that sales taxes were paid to the State of Florida or establishing that any such payments were made from funds included in respondent's computation of income. Our previous opinion in is not clearly erroneous. Third, petitioners contend that respondent's deficiency determination was arbitrary and excessive. In support of their contention, petitioners cite respondent's statement that "There is no evidence in the record to prove that any payments of sales taxes were actually made to the State nor their source if they were made." In making this statement, petitioners assert that respondent arbitrarily inflated the deficiency determination against petitioners by not reducing from *427 the deficiency determination amounts of alleged sales taxes paid to the State of Florida by petitioners. In our previous opinion on this matter, we stated that if petitioners can establish that the notice of deficiency determination is arbitrary and excessive, then respondent will lose the presumption of correctness. . However, we further stated that it is petitioners who bear the burden of proof to show that they are entitled to deductions greater than those allowed by respondent. ; Rule 142(a). This burden of proof includes establishing both the right to and the amount of the deduction. ; . Petitioners again miss the point. Petitioners did not produce evidence establishing sales taxes were actually paid over to the State of Florida. Further, petitioners did not produce evidence establishing that any sales tax payments came from any of the bank accounts in question. Based on the *428 record before us, petitioners have failed to substantiate their claim for a deduction or for an offset against their determined deficiencies based on their assertion that they paid sales taxes to the State of Florida. Respondent's deficiency determination was not arbitrary and excessive. Finally, petitioners argue that the Court has improperly applied the "Claim of Right Doctrine." Petitioners are correct in setting forth that, under the "Claim of Right Doctrine," a taxpayer may be deemed to have received taxable income before his unfettered right to the use of same has been perfected. See . Petitioners' own cited authority, however, proves the point against them. If a taxpayer receives money and treats it as his own property absolutely, then the taxpayer may be deemed to have received taxable income. , affg. . In the case at hand, petitioners received sales tax on behalf of the State of Florida, but petitioners have not established that these sales taxes were ever remitted to the State *429 of Florida. Again, petitioners have had every opportunity to produce the cancelled checks to establish payment of the State sales taxes in issue. They have not done so. The unexplained failure of petitioners to introduce this evidence gives rise to the presumption that if such evidence had been produced, it would have been unfavorable to petitioners. See , affd. . Throughout these proceedings, petitioners had the opportunity to produce cancelled checks made payable to the State of Florida to support their claim that they paid sales taxes. They also have had the opportunity to provide other evidence sufficient to meet their burden of proof. They have failed to do so. As discussed in our earlier opinion, we found Harms to be an extremely incredible witness. We found his testimony to be "self-serving, evasive, and unbelievable." In this light, we find that the evidence in the record is insufficient to meet petitioners' burden of proof in establishing that sales taxes were paid to the State of Florida out of one of the bank accounts in question. In *430 accordance with the foregoing, petitioners' motion for reconsideration will be denied. An appropriate order will be issued. Footnotes
1. Respondent's exhibit U is respondent's analysis of joint exhibit 18-R.↩